UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-20246-CR-JORDAN

UNITED STATES OF AMERICA

vs.

LANDSTAR TECH COMPANY LTD.,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and LANDSTAR TECH COMPANY LTD. (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Information, which count charges the defendant with conspiring to violate the United States-Iran Embargo, in violation of Title 50, United States Code, Sections 1705(a), and Title 31, Code of Federal Regulations, Parts 560.203 and 560.204.

2. The United States agrees to seek dismissal of Counts 2 and 3 of the Information, as to this defendant, after sentencing.

3. The defendant understands and acknowledges that the defendant's sentence is not governed by the United States Sentencing Guidelines (hereinafter "Guidelines" or "U.S.S.G."). That is because, although the offense conduct to which the defendant is pleading guilty is covered by § 2M5.1(a), that Guideline is not listed under § 8C2.10, which governs fines for organizations.

Accordingly, pursuant to § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant, as a corporate violator, also understands and acknowledges that this charge carries a maximum fine of twice the pecuniary gain pursuant to 18 U.S.C. § 3571(d) and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Your client is also subject to a term of corporate probation of five years pursuant to 18 U.S.C. § 3561.

5. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $400 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title,

and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the Information. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

|  |  |
|---|---|
|  | WIFREDO A. FERRER<br>UNITED STATES ATTORNEY |
| Date: 5/13/2010 | By: _____<br>MELISSA DAMIAN<br>ASSISTANT UNITED STATES ATTORNEY |
| Date: 5/13/2010 | By: _____<br>ROBERT TARG, ESQ.<br>ATTORNEY FOR DEFENDANT |
| Date: 5/13/2010 | By: Chen Yi Lan<br>YI-LAN CHEN<br>CORPORATE REPRESENTATIVE FOR DEFENDANT |